[Cite as *State v. Wells*, 2014-Ohio-3238.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100732**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY WELLS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576016-A

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, Ohio 44113

**FOR APPELLANT**

Anthony Wells, pro se
#650-238, Lorain Correctional Facility
2075 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brent C. Kirvel
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Anthony Wells ("Wells"), appeals from his guilty plea and sentence for rape. For the reasons set forth below, we affirm.

**{¶2}** In July 2013, Wells was charged with four counts of rape, two counts of gross sexual imposition, sexual battery, and kidnapping. The charges arise from an incident where the minor victim went to a nightclub with her cousin while she was highly intoxicated. Wells worked as a security guard at the nightclub and offered his car as a resting place. The victim rested in Wells's car while her cousin and friends were inside the club. Wells, aware that the victim was highly intoxicated, left the club in his car with the victim and raped her. He returned to the club approximately 45 minutes later. The victim was taken to the hospital where she was treated for sexual assault. Wells's DNA was discovered from testing samples taken during the sexual assault exam.

**{¶3}** In October 2013, the matter proceeded to a jury trial. On the second day of trial, Wells entered into a plea agreement. Under the agreement, Wells pled guilty to Count 2 of the indictment (rape), and the remaining counts were nolled. The parties entered into an agreed sentence of ten years in prison. The trial court proceeded with sentencing at the conclusion of the plea hearing and sentenced Wells to ten years in prison. The trial court also classified Wells as a Tier III sex offender.

**{¶4}** In December 2013, Wells filed an appeal in this court. His appeal, however, was dismissed as untimely. In January 2014, Wells filed a motion for

reconsideration. We granted his motion, treating it as a motion for a delayed appeal. On appeal, Wells was appointed counsel, who subsequently filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that after a thorough review of the record, proceeding with the appeal would be frivolous. Appellate counsel served Wells with a copy of the motion to withdraw and *Anders* brief. Wells was then granted time to file a pro se brief.

{¶5} In *Anders*, the United States Supreme Court held that if after a conscientious examination of the record, appellant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel's request must be accompanied by a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.*

{¶6} Once appellant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the court determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7} In the instant case, appellant's counsel has complied with the *Anders* requirements, and Wells filed his pro se brief. In his brief, Wells argues that defense

counsel was ineffective for failing to adequately prepare for trial and that his plea was not knowingly, voluntarily, and intelligently made.

{¶8} In our independent review of the proceedings below, we have determined the only issue that could be presented in this appeal is whether Wells's guilty plea was knowingly, voluntarily, and intelligently made.

{¶9} Under Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} In compliance with Crim.R. 11 and prior to accepting Wells's plea, the trial court advised Wells of the nature of the charges, the maximum penalties, the effect of the plea, and the constitutional rights and other rights Wells would be waiving by pleading guilty. At the guilty plea hearing, Wells stated that he was very satisfied with the representation he received from counsel, and that he understood the rights he was waiving and the offenses to which he was pleading guilty. (Tr. 436-441.) Therefore, the record reflects that Wells's plea was knowingly, intelligently, and voluntarily made. Because

no meritorious argument exists, we grant counsel's request to withdraw and affirm the trial court's judgment.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR